

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2005

# Smith v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2319

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Smith v. Nash" (2005). *2005 Decisions*. Paper 687.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/687

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2319
_____

CARL SMITH,

Appellant

v.

WARDEN JOHN NASH, FCI FORT DIX;
UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the District of New Jersey
(D. N.J. Civ. No. 05-cv-01282)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted Under Third Circuit LAR 34.1(a)
August 1, 2005

Before:  SLOVITER, BARRY and FISHER, Circuit Judges.

(Filed:  August 17, 2005)
_____

OPINION
_____

PER CURIAM

Carl Smith, a federal prisoner proceeding pro se, appeals an order of the United

States District Court for the District of New Jersey dismissing his petition for a writ of

habeas corpus under 28 U.S.C. § 2241 for lack of subject matter jurisdiction. We will affirm the District Court's order.

In 1991, Smith pled guilty to drug charges and was sentenced to twenty-seven years in prison. Smith states that he did not file a direct appeal, or a motion to vacate his sentence under 28 U.S.C. § 2255. In 2005, Smith filed a habeas petition under § 2241 raising a claim that the District Court improperly enhanced his sentence based upon facts that were not established by his plea or found by a jury. Although he cites no authority, Smith raises a claim under United States v. Booker, 125 S. Ct. 738 (2005). The District Court dismissed the petition, holding that Smith could not bring his claim under § 2241. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Bakhtriger v. Elwood, 360 F.3d 414, 417 (3d Cir. 2004).

As recognized by the District Court, unless a motion under § 2255 would be "inadequate or ineffective," it is the means by which federal prisoners can challenge their convictions or sentences. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A § 2255 motion is inadequate or ineffective only if the petitioner shows that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. Id.

The Court in Okereke held that § 2255 is not inadequate or ineffective to raise a claim under Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which established that at sentencing a judge could enhance a sentence based on facts not admitted by the defendant

2

or found by the jury, so long as the enhancement did not increase the defendant's sentence beyond the prescribed statutory maximum. Similarly, § 2255 is not inadequate or ineffective to raise a claim under Booker, which is an extension of Apprendi. The fact that a claim is time-barred does not make § 2255 an inadequate or ineffective remedy. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Thus, the District Court correctly held that Smith may not bring his Booker claim under § 2241.[1]

Smith also challenges the District Court's recharacterization of his § 2241 petition as a motion under § 2255 without giving him notice and allowing him to amend or withdraw it. In recharacterizing the petition, the District Court acknowledged the notice requirements of United States v. Miller, 197 F.3d 644 (3d Cir. 1999), but determined that notice would serve no purpose because the statute of limitations applicable to any § 2255 motion Smith may file had expired. As Smith does not contend that he has other § 2255 claims for which a statutory or equitable basis for tolling the statute of limitations applies, the District Court did not err.

Accordingly, we will affirm the District Court's order.

---

[1]We agree with the District Court that Smith's claim is time-barred under § 2255. Although the statute of limitations is tolled when the Supreme Court recognizes a new right, that right also must have been made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255. Booker is not retroactively applicable to cases on collateral review. Lloyd v. United States, 407 F.3d 608, 610 (3d Cir. 2005).

3